■ In the Matter of the Arbitration between Exercycle Corporation, Appellant, and James Maratta, Respondent.— Order, dated March 30, 1960, denying a stay of arbitration is affirmed, with $20 costs and disbursements to the respondent. There was a written contract here to employ respondent for life as vice-president in charge of sales. Respondent was required to devote his best efforts and full time to the corporation's sales activities. He did so for four years. The provision of the contract that the employment was to continue until respondent "voluntarily leaves the employ of Exercycle or dies" did not as a matter of law make the contract illusory or just an agreement terminable at will. Clearly there was sufficient consideration for the contract. The fact that respondent reserved a power to terminate the contract did not give a similar power to the corporation. The reservation of the power did not make the other provisions of the contract illusory since there were other considerations which made appellant's promise enforcible. Immediately following the provision giving respondent the power to leave the employ of Exercycle are similar provisions giving Exercycle a power to terminate the agreement in the event of the sale of less than a stipulated minimum of exercycles during respondent's incumbency as the officer in charge of sales. All questions as to the alleged termination of the contract by discharge or resignation, or the continued existence of the contract are for determination by the arbitrators under the arbitration clause of the agreement. On this record, we may not strike down this contract *in limine* as completely nugatory. *Matter of Rapid-Amer. Corp. (Quinn)* (8 A D 2d 802, affd. 7 N Y 2d 891) is distinguishable in that no definite term of employment was provided for and the promissor who obtained the stay of arbitration had reserved the right to discontinue publication "and such action shall not be considered a breach of contract nor shall the company be liable for any damages therefor". In the face of that provision, the employee could not arbitrate the question of damages for loss of commissions due to the exercise of the option to terminate specifically granted. Concur — Breitel, J. P., Valente and McNally, JJ.; Rabin and Bergan, JJ., dissent and vote to reverse in a memorandum by Bergan, J.: Petitioner-appellant agreed in a written undertaking to retain respondent in its employment for life; but respondent did not agree to work for life or for any definite future period. The agreement contained an arbitration provision in the usual language that "Any dispute arising out of or in connection with this agreement" shall "be settled" by arbitration. The arbitrable question presented is not concerned with accrued rights under the agreement, but with the future legal duty of the petitioner to continue the respondent

in employment for life. The respondent had no duty in respect of continuance of the contractual obligation and he could not be compelled to do what he had not undertaken. The contract is illusory. Whether there is a valid contract, within the frame of which arbitration of disputed questions is sought to be compelled, is usually a threshold question of law; and in our opinion the existence of any future obligation resting on the parties under the agreement is such a question of law. We would hold there is no mutually binding contract enforcible in the future and hence no arbitrable question on that issue. This case is somewhat similar to *Matter of Rapid-Amer. Corp.* (*Quinn*) (8 A D 2d 802). The order should be reversed and the stay granted.